IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARQUERIOUS LAQUEZ CANADA, )<br># 326544, )<br>　　　　　　　　　　　　　　　　　 )<br>　　Petitioner, )<br>　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>JACOB A. WALKER, III, *et al.*, )<br>　　　　　　　　　　　　　　　　　 )<br>　　Respondents. ) | CIVIL ACTION NO.<br>3:21-cv-418-MHT-CSC<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the Court on Petitioner Marquerious Laquez Canada's *pro se* filing, construed as a 28 U.S.C. § 2254 petition for writ of habeas corpus,[1] challenging his May 2021 Lee County murder conviction and his resulting 38-year sentence. Doc. 1. Canada presents claims of juror misconduct and ineffective assistance of counsel. Doc. 1 at 2–3.

In an answer filed on September 9, 2021, Respondents argue that Canada has not exhausted his claims in the state courts and that his § 2254 petition should therefore be dismissed without prejudice to allow him to exhaust his state court remedies. Doc. 12.

---

[1] In compliance with the notice-and-warning requirement of *Castro v. United States*, 540 U.S. 375, 382–83 (2003), the Court entered an order on July 9, 2021, notifying Canada of its intent to recharacterize his pleading, which he filed on a form used for 42 U.S.C. § 1983 complaints, as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 6. The requisite time for Canada to comply with the Court's July 9 order passed without Canada filing a response complying with the directives in that order.

.

In light of the arguments and evidence presented by Respondents with their answer, the Court entered an order allowing Canada to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies. Doc. 13. Canada filed no response to the Court's order.

## II. DISCUSSION

A longstanding prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction

proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Canada's habeas petition presents claims of juror misconduct and ineffective assistance of counsel. The record reflects that Canada's direct appeal—the proper vehicle for pursuing claims of juror misconduct—is pending in the Alabama Court of Criminal Appeals. Canada has also not filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, which is generally the proper vehicle for asserting claims of ineffective assistance of counsel. Canada may still pursue his claims of ineffective assistance of counsel in a Rule 32 petition filed after proceedings on his direct appeal are final. He could then pursue an adverse ruling on his Rule 32 petition in a Rule 32 appeal.

Under the circumstances—where Canada's direct appeal is pending, and no Rule 32 petition has been filed—Canada has yet to submit his claims to a complete round of Alabama's appellate review process. Therefore, he has failed to satisfy the exhaustion prerequisite for his claims. As indicated above, Canada has presented no good reason for waiving the exhaustion requirement.

The Court finds it inappropriate to rule on the merits of Canada's claims without first allowing him to exhaust the remedies available to him in the Alabama state courts. *See* 28 U.S.C. § 2254(1)(b)(2). The Court therefore concludes that this § 2254 petition should be dismissed without prejudice so he may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Canada to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **October 27, 2021.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of October, 2021.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE